IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30268
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE F. REED,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-10018-1
- - - - - - - - - -

December 30, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clarence F. Reed appeals his conviction and sentence for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Reed argues that the district court erred in determining that there was a sufficient factual basis for his guilty plea, sentencing him pursuant to the Sentencing Guidelines' provision for cocaine base under § 2D1.1, denying his right of allocution at sentencing, and failing to verify whether he had read the Presentence Report (PSR) and discussed it with

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his attorney in accordance with FED. R. CRIM. P. 32(c)(3)(A). These arguments were not raised before the district court.

We have reviewed the record and the briefs of the parties and find no error. Reed has not met the standard in United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc), with respect to his assertion that there was an insufficient factual basis for his guilty plea. It was not plain error for the district court to sentence Reed under the Sentencing Guidelines' provision for cocaine base in § 2D1.1. See United States v. Brewster, 137 F.3d 853 (5th Cir.), cert. denied, 119 S. Ct. 247 (1998). Reed availed himself of the ample opportunity for allocution that the district court allowed him at sentencing. See United States v. Myers, 150 F.3d 459, 461-62 (5th Cir. 1998). Any error with respect to the district court's inquiry as to the PSR was harmless. See FED. R. CRIM. P. 52(a).

AFFIRMED.