**BUNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-50982
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES CHAMPION

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CR-10-3)

August 3, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

James Champion appeals the district court's denial of his motion to withdraw his guilty plea. We affirm.

## I. BACKGROUND AND PROCEEDINGS

On May 28, 1998, James Champion entered into a written plea agreement with the government. Pursuant to the agreement, Champion pleaded guilty to three counts: (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371; (2) conspiracy to launder money in violation of 18 U.S.C. § 1956(h); and (3) use of interstate commerce facilities in the attempted commission of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

murder for hire in violation of 18 U.S.C. § 1958.

At a plea hearing on May 29, 1998, the district court placed Champion under oath and questioned him as required by Fed. R. Crim. P. 11. Champion stated that he understood the nature of the charges against him and the consequences of pleading guilty. Champion also stated that he was not suffering from any mental or physical impairments that could affect his ability to understand the charges against him. Champion confirmed that he had discussed the plea agreement with his attorneys and that he fully understood and agreed to it. Champion stated that he understood the facts underlying the charges and he pleaded guilty to the three counts in the indictment. The court found that the plea was made freely and voluntarily and accepted Champion's guilty plea.

On August 21, 1998, Champion moved to withdraw his plea of guilty, claiming that he suffered from depression and sleep deprivation, thereby making his plea involuntary as a matter of law. Further, Champion claimed that he was not guilty. The district court denied Champion's motion to withdraw his plea. On October 5, 1998, the court sentenced Champion to 170 months' imprisonment and a three-year term of supervised release and ordered him to pay a $300 fee and restitution in the amount of $352,009.00.

Champion appeals the district court's denial of his motion to withdraw his plea.

## II. DISCUSSION

Champion asked the district court for permission to withdraw his guilty pleas to the three counts pursuant to Fed. R. Crim. P. 32. The district court denied Champion's request. We now affirm the district court's decision.

In his first point of error, Champion argues that the language of the plea agreement gave him the absolute right to withdraw from the plea agreement at anytime prior to sentencing. Champion did

not raise this issue in the district court. Since the issue was raised for the first time on appeal, we will only review the district court's actions for plain error. *See United States v. Guerrero*, 5 F.3d 868, 870 (5th Cir. 1993). We conclude that the district court did not plainly err.

In Champion's view, the language of the plea agreement stating "should this plea agreement be withdrawn by defendant" created an absolute right to withdrawal. Taken in context, however, the passage allows the government to use any statements made by Champion to impeach him if he successfully withdrew his plea agreement. The passage was not intended to create an absolute right to withdraw his plea. It is well-settled that there is no absolute right to withdraw a guilty plea. *See United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991).

In his second point of error, Champion contends that the district court erred in denying his motion to withdraw his guilty plea on the ground that his plea was not knowing and voluntary. The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason." Fed. R. Crim. P. 32(e). The denial of a rule 32(e) motion is reviewed for abuse of discretion. *See United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). We conclude the district court did not abuse its discretion.

In reviewing the denial of a motion to withdraw a guilty plea under rule 32(e), this Court considers seven relevant factors: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *See United States v. Brewster,* 137 F.3d 853,

3

857 (5th Cir. 1998). The court makes its determination based on the totality of the circumstances. *See id.* at 858. No single factor or combination of factors mandates a particular result. *See Badger,* 925 F.2d at 104. The burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant. *See United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996).

After reviewing the record, we conclude that Champion has failed to meet his burden of establishing a fair and just reason for withdrawing his guilty plea. The court questioned Champion extensively to determine whether his plea was knowing and voluntary, and that he understood the consequences of pleading guilty. The court asked Champion whether he suffered from any mental or physical impairments and Champion replied that he did not. The court asked Champion whether he was satisfied with the representation of his attorneys and Champion replied that he was. The court further asked Champion whether he was pleading guilty because he was in fact guilty of the crimes set out in the counts. Champion said that he was. Finally, when the court asked Champion how he pleaded to the counts, he stated "guilty." Approximately three months after his guilty plea, Champion moved to withdraw his plea on the ground that his was not guilty. Champion's belated claim of innocence is insufficient to overturn the denial of withdrawal motion. *See Brewster,* 137 F.3d at 858.

Because Champion entered his plea knowingly and voluntarily and because he has failed to supply a fair and just reason for withdrawing the plea, the district court's denial of his motion to withdraw his plea was not an abuse of discretion.

### III. CONCLUSION

Based on the foregoing, the district court's decision to deny Champion's motion to withdraw his guilty plea is AFFIRMED.