IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30325
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS HARRISON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(99-CR-60043-1)
--------------------
November 20, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The Assistant Federal Public Defender (AFPD) who represents Travis Harrison on appeal filed a motion and supporting brief for leave to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). Harrison filed a response.

Our independent review of the appellate record and of the possible issues raised by counsel and by Harrison reveals no nonfrivolous issues. We nevertheless address the issues raised by Harrison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Harrison advances the rule of <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), as a possible issue.  We recently held, in light of <u>Apprendi</u>, "that if the government seeks enhanced penalties based on the amount of drugs under 21 U.S.C. § 841(b)(1)(A) or (B), the quantity must be stated in the indictment and submitted to a jury for a finding of proof beyond a reasonable doubt."  <u>United States v. Doggett</u>, ___ F.3d ___ (5th Cir. Oct. 6, 2000) 2000 WL 1481160 at *3.  Harrison failed to raise drug quantity as an issue in the district court, so our review is limited to plain error in his case.  <u>See</u> <u>United States v. Meshack</u>, 225 F.3d 556, 575 (5th Cir. 2000); <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  We perceive no error, plain or otherwise.

Harrison's contention that the failure to specify an exact amount of cocaine base (crack) involved in the crack-distribution conspiracy affected the voluntariness of his guilty plea to the conspiracy count, is without merit under the applicable standard of review.  The conspiracy count identified 21 U.S.C. § 841(b)(1)(A)[1] as the drug-quantity subsection and referred to the substantive counts, which specified alleged quantities totaling over fifty grams of crack, as the conspiracy's overt acts.  Most importantly, by signing the written factual basis supporting his plea, Harrison admitted that he conspired to distribute over fifty grams of crack.  Harrison's challenge of the indictment for its lack of an

---

[1]  The provisions under § 841(b)(1)(A) which provide for an increased sentence based on the occurrence of death or serious bodily injury or based on recidivism, were not at issue in Harrison's criminal proceedings.

2

allegation of a quantity of crack in Count One is unavailing since his guilty plea waived all nonjurisdictional defects. See United States v. Smallwood, 920 F.2d 1238, 1240 (5th Cir. 1991). Harrison's challenge of his 360-month sentence as contrary to the holding of Apprendi is without merit: His sentence, determined by the applicable guidelines, is within the statutory maximum, life in prison, so Apprendi is inapplicable. See United States v. Keith, ___ F.3d ___ (5th Cir. Oct. 17, 2000), 2000 WL 1532802 at *2-*3.

Harrison argues that his sentence should have been calculated on the basis of quantities of powder cocaine and not crack. As Harrison failed to make this argument in the district court, we review it for plain error. See Calverley, 37 F.3d at 162-64. In light of Harrison's guilty plea to crack conspiracy and DEA Agent Babineaux's testimony at rearraignment concerning drug quantity, no plain error is evident. See United States v. Brewster, 137 F.3d 853, 856-57 (5th Cir.), cert. denied, 525 U.S. 908 (1998).

Also for the first time on appeal and with little specificity, Harrison asserts that counsel rendered ineffective assistance. A claim of ineffective assistance ordinarily cannot be considered when made for the first time on appeal because the district court almost never will have been able to develop the record sufficiently to allow us to evaluate the merits of the claim. See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991). As in most cases, the record in this case has not been developed sufficiently to permit our review of the issue of effective assistance of counsel. We therefore dismiss Harrison's ineffective-assistance claim

3

without prejudice to his entitlement to assert such a claim in a motion pursuant to 28 U.S.C. § 2255.  See id.

In conclusion, the AFPD's motion for leave to withdraw is granted and he is excused from further responsibilities herein. Harrison's appeal is dismissed.  See 5TH CIR. R. 42.2.