IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60442
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS RAY BREWSTER, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

March 24, 1998

Before HIGGINBOTHAM and STEWART, Circuit Judges, and WALTER,[*]
District Judge.

DONALD E. WALTER, District Judge:

Defendant-Appellant Carlos Ray Brewster, Jr., pleaded guilty to possession with intent to distribute 468.3 grams of cocaine base. The district court sentenced Brewster to 262 months imprisonment, five years supervised release, and a fine of $3,000. Brewster raises five issues on appeal: (1) the district court improperly sentenced him under the enhanced crack cocaine provision of the Sentencing Guidelines; (2) he did not knowingly and voluntarily enter his guilty plea; (3) the district court

_____

[*] District Judge of the Western District of Louisiana, sitting by designation.

erred in denying his motion to withdraw his guilty plea; (4) he should not have been classified as a career offender under the Sentencing Guidelines; and (5) he was denied effective assistance of counsel at his guilty plea hearing. For the reasons that follow, we affirm.

I.    BACKGROUND

In January 1995, Jackson police officers, working with an informant, arranged a drug transaction with Brewster. After the informant identified Brewster, the officers arrested him and seized 468.3 grams of cocaine base. In April 1995, Brewster signed a Memorandum of Understanding outlining his plea agreement and entered a guilty plea to possession with intent to distribute 468.3 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

At his plea hearing, Brewster announced he was unsatisfied with his retained attorney, Chris Ganner. After an off-the-record conversation among Brewster, Ganner, and the Assistant United States Attorney, Brewster told the district court that he had no complaints with Ganner. The hearing resumed and Brewster pled guilty. During the hearing, the substance seized from Brewster was referred to as "cocaine base" aside from one ambiguous reference to "crack" by Brewster.[2] The court informed

---

[2] When asked by the district judge if he knew the controlled substance was cocaine base, Brewster stated, "Okay. I don't know how you guys say cocaine base, because powder rocked up— I mean cooked, but like in big cities, they do have crack, but crack is not cocaine. Cocaine, that's powder that's cooked up. It's a lot of stuff added, but——." The district judge then asked Brewster if he contested the lab report finding of "468.3 grams of cocaine base at an 81 percent purity" and Brewster

Brewster that the maximum and minimum sentence for the offense was not less than ten years or more than life imprisonment, a fine of $4,000,000, or both.

After the hearing, Brewster discharged Ganner. With new counsel, Brewster moved to withdraw his guilty plea at his sentencing hearing in July 1995. The district court denied the motion, and proceeded with sentencing, applying a base offense level of 34 under § 2D1.1 of the Sentencing Guidelines, as the offense involved 468.3 grams of cocaine base. The court increased Brewster's offense level to 37, with a criminal history category of VI, after concluding that he was a career offender pursuant § 4B1.1. The court then applied a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) & (b), thereby reducing the offense level to 34. Based on the total offense level of 34 and a criminal history category of VI, the Sentencing Guideline range of imprisonment is 262 to 327 months. Following the government's recommendation, the court sentenced Brewster to 262 months. Additionally, the court imposed five-years supervised release, a partial fine of $3,000, and a $50 special assessment fee.

II. ANALYSIS

A. *Cocaine Base*

Section 2D1.1 of the Sentencing Guidelines prescribes enhanced punishments for persons convicted of crimes involving

---

responded "no." Supp. Record on Appeal, vol. 1, p. 20.

cocaine base rather than powder cocaine.  Brewster argues that the enhanced cocaine base guideline is inapplicable to his case, as the record lacks proof that the substance involved is actually "crack."

Brewster raises this issue for the first time on appeal. As such, we review only for plain error. United States v. Spires, 79 F.3d 464, 465 (5th Cir. 1996).  Plain error is established when there is an error that is clear and obvious, and that error affects substantial rights of the appellant. United States v. Cerverizzo, 74 F.3d 629, 631 (5th Cir. 1996).  A plain error must be clear under current law at the time of trial. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993).

Effective November 1, 1993, the Sentencing Guidelines were amended to include the following definition of cocaine base:

> "Cocaine base," for the purposes of this guideline, means "crack." "Crack" is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form.

USSG § 2D1.1, Note D.  In light of this definition and the absence of proof in the record that the cocaine base he possessed was actually crack, Brewster contends that he erroneously received an enhanced sentence for crack cocaine.

The penalty imposed for possession with intent to distribute cocaine, is far less than that imposed for cocaine base. Although the district judge explained and the Memorandum of Understanding outlined the minimum and maximum penalty for the

4

quantity of cocaine base he possessed, Brewster never objected that the penalty was too high.  Moreover, although the base offense level is lower for cocaine, Brewster did not object at sentencing when the district court applied the higher offense level for cocaine base.  Brewster had the benefit of different counsel for his plea and sentencing hearings, yet neither objected that the cocaine sentencing provisions applied instead of the cocaine base provisions.

The record shows that Brewster was aware that he was charged with, was pleading guilty to, and was sentenced for possession with intent to distribute cocaine base ("crack").  In fact, the record indicates that Brewster fully understood that the enhanced crack cocaine guideline applied to his case.[3]  The law is clear that for purposes of the Sentencing Guidelines, "cocaine base" means "crack."  We find no plain error with the district court's decision to sentence Brewster under the cocaine base guidelines.[4]

---

[3]  At his sentencing hearing, Brewster asked the district judge whether the Sentencing Commission's recommended changes to the Sentencing Guidelines, pending before Congress at that time, would apply to his case: "[I]f that crack law comes in, that powder law, couldn't I get under that?"  The district judge responded, "Now, on this other matter about your sentence under crack cocaine, if there is a change in the guidelines, then the next question would be whether that change is to be applied prospectively only or whether it could be applied retroactively." Supp. Record on Appeal, vol. 2, pp. 30 & 33.

[4]  Brewster contends that the Third Circuit's holding in United States v. James, 78 F.3d 851 (3d Cir. 1996), should apply to his case.  The court in James held that the enhanced crack cocaine sentencing provisions did not apply without government proof, by a preponderance of the evidence, that the cocaine base is actually crack. 78 F.3d at 858.  This issue was presented to the sentencing court in the form of James' argument that only a

5

To avoid similar disputes in the future, district judges should make clear on the record that the crime charged as cocaine base is "crack."

B.   *Knowing and Voluntary Plea*

We apply a "harmless error" analysis when an appellant claims that the district court failed to comply with Federal Rule of Criminal Procedure 11: (1) Did the sentencing court vary from the procedures required by Rule 11, and (2) if so, did such variance affect the defendant's substantial rights? United States v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993).

Brewster claims that his guilty plea was unknowing and involuntary, as the district court did not properly advise him of the mandatory minimum and maximum sentence pursuant to Rule 11(c).  Brewster argues that the court erroneously advised him of the mandatory minimum sentence for crack cocaine.  As we find that the district court correctly applied the cocaine base guideline, a thorough review of the record reveals that the district court properly explained the statutory minimum and maximum sentence and plea consequences as required under Rule 11.

C.   *Motion to Withdraw Plea*

A defendant has no absolute right to withdraw a guilty plea; however, the district court may permit withdrawal before sentencing upon a showing of a "fair and just reason." United

---

sodium bicarbonate form of cocaine base is subject to the sentencing enhancements. 78 F.3d at 857.  In the instant case, however, we review Brewster's claim only for plain error, as it is presented for the first time on appeal.

States v. Still, 102 F.3d 118, 123-24 (5th Cir. 1996), *cert. denied*, --- U.S. ---, 118 S.Ct. 43, 139 L.Ed.2d 10 (1997); FED.R.CRIM.P. 32(e).  The district court's decision is discretionary and will not be disturbed, absent an abuse of discretion. Id. at 123.  Factors to consider when applying this standard of a fair and just reason are whether: (1) the defendant has asserted his innocence; (2) withdrawal will prejudice the government; (3) the defendant delayed in filing his withdrawal motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available to a defendant; (6) the plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985).  The district court is not required to make findings as to each of the Carr factors. United States v. Badger, 925 F.2d 101, 104 (5th Cir. 1991).  The decision to permit or deny withdrawal is based on the totality of the circumstances. Still, 102 F.3d at 124.  Finally, the burden of establishing a fair and just reason for withdrawing a guilty plea rests with the defendant. Id.

Brewster moved to withdraw his guilty plea at the sentencing hearing, more than three months after his plea.  Brewster asserted three reasons for withdrawal: first, he claimed ineffective assistance of counsel concerning advice of the effect of his plea and his possible sentence; second, he claimed that the Assistant United States Attorney threatened him with an

7

increased sentence if he did not plead; and third, he claimed

that he was not guilty.  Concerning Brewster's first two reasons

for withdrawal, the district court specifically found that

Brewster was advised of the statutory minimum and maximum

sentence.[5]  The district court also found that Brewster's claim

regarding the government's alleged threats lacked credibility.

Finally, Brewster's belated claim of innocence is far from

sufficient to overturn the denial of withdrawal motion. <u>Carr</u>, 740

F.2d at 344.

The record indicates that the <u>Carr</u> factors support the

district court's denial of Brewster's motion to withdraw his

guilty plea.  We find no abuse of discretion.

D.   *Career Offender*

The district court's determination that Brewster is a career

offender under § 4B1.1 of the Sentencing Guidelines is subject to

<u>de</u> <u>novo</u> review. <u>United States v. Garcia</u>, 962 F.2d 479, 481 (5th

Cir. 1992), *cert. denied*, 506 U.S. 902, 113 S.Ct. 293, 121

L.Ed.2d 217 (1992).[6]  Brewster specifically objects to the

district court's finding that he meets the requirement of having

---

[5]   The district court was not aware of Brewster's status as a
career offender at the time of the plea.  The court's failure to
advise Brewster of the application of the career offender
guideline, USSG § 4B1.1, when taking his plea does not violate
FED.R.CRIM.P. 11(c)(1). <u>United States v. Pearson</u>, 910 F.2d 221,
223 (5th Cir. 1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977,
112 L.Ed.2d 1062 (1991).

[6]   The government contends this issue is presented for the
first time on appeal; however, Brewster raised this issue at his
sentencing hearing. Supp. Record on Appeal, vol. 2, pp. 21-22.

8

"at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1.[7] Brewster contends that the prior offenses were part of a single common scheme or plan to traffic in drugs.

Section 4B1.2(3) defines "two prior felony convictions" and provides that § 4A1.1(a)-(c) govern whether the prior sentences will be counted separately. In unrelated cases, prior sentences are counted separately while in related cases, prior sentences are treated as one sentence. USSG § 4A1.2(a)(2). The official commentary of § 4A1.2 provides, in pertinent part:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (*i.e.,* the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing.

USSG § 4A1.2, comment (n. 3). The first sentence of this comment was added by amendment, effective November 1, 1991. Because the felony convictions characterizing Brewster as a career offender were committed prior to this amendment, Brewster contends application of the amendment to his case violates the ex post facto clause of the United States Constitution.

Section 1B1.11 instructs courts to apply the Sentencing Guidelines in effect on the date of sentencing. However, if the

---

[7] The other two elements of a career offender are "(1) the defendant was at least eighteen years old at the time of the instant offense," and "(2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." USSG § 4B1.1.

9

guidelines violate the ex post facto clause, the court shall use the Sentencing Guidelines in effect "on the date that the offense of conviction was committed." USSG § 1B1.11(b)(1). The offense of conviction was committed and sentencing occurred for Brewster in 1995. Under § 1B1.11, the guideline comment of § 4A1.2 applies regardless of an ex post facto determination by this court. The government proved an intervening arrest at Brewster's sentencing; thus, the prior sentences are considered unrelated.[8] We conclude that the district court correctly determined Brewster's status as a career offender.[9]

E.  *Ineffective Assistance of Counsel*

Brewster contends that he was denied his Sixth Amendment right to effective assistance of counsel in evaluating his plea options.[10] At his plea and sentencing hearings, Brewster

---

[8]  Brewster originally denied the intervening arrest and conviction in his objections to the presentence investigation report. At his sentencing hearing, the government offered court documents for the contested proceeding, photographs of Brewster taken on the dates of the contested arrest and sentencing, and fingerprint cards taken on the date of the contested arrest. Brewster did not object to the evidence. Supp. Record on Appeal, vol. 2, pp. 22-26.

[9]  Regardless of the application of the amended commentary to § 4A1.2, Brewster qualifies as a career offender. The presentence investigation report reveals that each prior conviction was for a separate drug transaction. In United States v. Garcia, 962 F.2d 479, 482 (5th Cir. 1992), *cert. denied*, 506 U.S. 902, 113 S.Ct. 293, 121 L.Ed.2d 217 (1992), this court reviewed a similar argument and found that "[a]lthough the crimes may have been temporally and geographically alike, they were not part of a common scheme or plan that would preclude imposition of career offender status."

[10]  Brewster's appeal captions this argument as ineffective assistance of counsel at the plea and sentencing hearings.

commented to the court that he did not receive adequate assistance from Ganner, his first retained counsel.  Brewster's claim of ineffective assistance is based upon: the conversation among Brewster, Ganner, and the Assistant United States Attorney held off-the-record at the plea hearing; and conversations with Ganner prior to the plea hearing.  The record does not sufficiently establish the substance of these conversations.

"The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been before the district court since no opportunity existed to develop the record on the merits of the allegation." United States v. Thomas, 12 F.3d 1350, 1368 (5th Cir. 1994), *cert. denied*, 511 U.S. 1095, 114 S.Ct. 1861, 128 L.Ed.2d 483 (1994), and *cert. denied*, 511 U.S. 1114, 114 S.Ct. 2119, 128 L.Ed.2d 676 (1994)(citation omitted).  We decline to reach the merits of Brewster's ineffective assistance of counsel claim, as the record is not well developed for review.  Brewster may raise this claim by motion under 28 U.S.C. § 2255.

III. CONCLUSION

For the foregoing reasons, we find the district court committed no plain error when it applied the cocaine base guideline.  However, we stress that district judges should clearly find, on the record, that the cocaine base involved is in fact "crack."  It is clear from the record that the district

---

However, Brewster only argues ineffective assistance of counsel with regard to his plea.  As such, we only address his claim of ineffective assistance of counsel at his plea hearing.

11

court complied with Rule 11 and did not abuse its discretion in denying Brewster's motion to withdraw his guilty plea.  Also, we find that the district court did not err in determining Brewster to be a career offender under the Sentencing Guidelines. Accordingly, Brewster's conviction is AFFIRMED.

STEWART, Circuit Judge, concurring in the judgment only: