IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40089
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

LOUIE GONZALEZ,

                                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-438-ALL
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:*

     Louie Gonzalez appeals the district court's denial of his

motion to withdraw his guilty plea.  Gonzalez contends that he

established a fair and just reason for the district court to

allow him to withdraw his plea because he asserted his innocence,

the Government did not prove that it would be prejudiced by the

withdrawal, and the withdrawal would not have substantially

inconvenienced the court or wasted judicial resources.

--------------------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the denial of a Fed. R. Crim. P. 32(e) motion for an abuse of discretion. *See United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). We consider seven relevant factors in reviewing the denial of a motion to withdraw a guilty plea under Rule 32(e). *See United States v. Brewster,* 137 F.3d 853, 857 (5th Cir.), *cert. denied*, 119 S. Ct. 247 (1998).

Gonzalez's assertion of innocence does not justify a withdrawal of his guilty plea. *See Grant*, 117 F.3d at 789-90. Gonzalez's withdrawal of his guilty plea on the day of sentencing, without prior notice to the district court or the Government of his intent to withdraw the plea, would have substantially inconvenienced the district court and wasted judicial resources. *See id.* at 790 (withdrawal of guilty plea on day of sentencing would have disrupted trial docket, inconveniencing court and wasting judicial resources). Gonzalez's three-month delay in moving to withdraw his plea also weighed against the decision to grant the motion to withdraw. *See id.* at 790 (motion filed three months after entry of guilty plea was untimely).

Our review of the relevant factors, the parties' briefs, and the record reveals that the district court did not abuse its discretion by denying Gonzalez's motion to withdraw his guilty plea. Accordingly, we AFFIRM.

AFFIRMED.