IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60208
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER F. LUCAS, also
known as Lucas F. Walter,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CR-34-1-BrG
- - - - - - - - - -
January 4, 2000

Before KING, Chief Judge, and JOLLY and PARKER, Circuit Judges.

PER CURIAM:[*]

   Walter Lucas appeals from the district court's resentencing following a remand after his guilty-plea convictions for violating the civil rights of a pretrial detainee in his custody and making a false official statement.  The Government has filed a motion to dismiss the appeal from the sentence imposed by the district court on remand because Lucas had waived the right to appeal his sentence as part of the memorandum of understanding.  The Government does not object to Lucas' appeal from the district court's denial of his motion to withdraw his guilty plea.

_____

   [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lucas argues that he should be released from his promise not to file an appeal because the Government breached the memorandum of understanding when it requested an upward adjustment, requested that the court deny the two-level reduction for acceptance of responsibility, and filed the initial appeal from the district court's judgment.

The memorandum of understanding does not bar the Government from filing an appeal. The Sentencing Guidelines differentiate between "departures" and "adjustments." Adjustments vary the total offense level, whereas departures disregard the calculated guideline sentences. United States v. Madison, 990 F.2d 178, 183 (5th Cir. 1993); see also United States v. Gaitan, 171 F.3d 222 (5th Cir. 1999). Because the Government did not seek an upward departure, it did not breach the memorandum of understanding. The Government's motion to dismiss the appeal from resentencing is GRANTED. Lucas' challenge to § 5G1.2 is therefore DISMISSED.

Because Lucas has not shown that the district court's denial of his motion to withdraw his guilty plea was an abuse of discretion under the circumstances presented here, we AFFIRM the district court's denial. United States v. Brewster, 137 F.3d 853, 857 (5th Cir.), cert. denied, 119 S. Ct. 247 (1998). Because the record has not been fully and adequately developed with respect to Lucas' ineffective assistance of counsel claim, we decline to address it on direct appeal. United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987).

AFFIRMED IN PART; DISMISSED IN PART. MOTION GRANTED.