IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20497
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL R. LINDER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-409-ALL
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Daniel R. Linder challenges his convictions of impersonating an officer of the United States and being a felon in possession of a firearm. His sole contention on appeal is that the district court abused its discretion in denying his motion to withdraw his guilty plea, which was filed prior to sentencing. He asserts that his plea was not knowingly made because it had been predicated upon his mistaken belief that pleading guilty was the only way to avoid the possibility that his sentence could be enhanced by his prior kidnaping conviction. He ascribes this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mistaken belief to representations made by the Government during the plea bargaining process.

This court reviews the denial of a Rule 32(e) motion for an abuse of discretion. See United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997). The district court may grant a motion to withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and just reason." Fed. R. Crim. P. 32(e); see United States v. Brewster, 137 F.3d 853, 857 (5th Cir.), cert. denied, 119 S. Ct. 247 (1998); United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

A review of the circumstances leading up to the entry of Linder's guilty plea reveals that the district court did not abuse its discretion in denying his motion to withdraw that plea. Linder's guilty plea was knowingly entered, and he does not assert that he was actually innocent of the offenses of conviction. See Brewster, 137 F.3d at 857; Carr, 740 F.2d at 343-44. Accordingly, Linder's convictions are

AFFIRMED.