**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-30054**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MILDRED V. REED, also known as Mickey Reed,**

**Defendant-Appellant.**
_____

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**
**(98-CR-300-4)**
_____

October 15, 2001

Before HIGGINBOTHAM, WIENER, BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Mildred V. Reed appeals the district court's denial of her motion to withdraw her guilty plea to a charge of misprision of a felony. Reed contends: she asserted her innocence and did not delay in filing the motion to withdraw; she did not receive adequate assistance from counsel prior to, and during rearraignment; she was pressured to plead guilty; and her plea was not knowing and voluntary.

The district court's denial of a motion to withdraw a plea is reviewed for an abuse of discretion. *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir.), *cert. denied,* 525 U.S. 908 (1998).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Factors considered are: whether the defendant asserted her innocence, delayed in filing the motion, and had close assistance of counsel; whether the withdrawal would prejudice the Government, inconvenience the court, and waste judicial resources; and whether the plea was knowing and voluntary. *Id.* (*citing United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984), *cert. denied,* 471 U.S. 1004 (1985)). "No single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). A claim of innocence does not, by itself, warrant the withdrawal of a guilty plea. *Carr*, 740 F.2d at 344.

An examination of the record and the above factors demonstrates that, based on the totality of the circumstances, *Badger*, 925 F.2d at 104, the district court did not abuse its discretion in denying Reed's motion. *Brewster*, 137 F.3d at 857. Reed does not dispute the district court's findings that withdrawal of the plea would prejudice the Government, inconvenience the court, and waste judicial resource. Although Reed blames bureaucracy, her motion to withdraw the plea occurred seven months after entry of the plea and five months after new counsel was appointed. While her claims of assertion of innocence and ineffective assistance of counsel are not wholly without merit, we cannot say, based on the totality of the circumstances, that the district court abused its discretion. *Id.*

*AFFIRMED*

2