IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50891
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SCOTT DOUGLAS FULLER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CR-146-ALL
--------------------
August 2, 2002

Before JOLLY, PARKER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Scott Douglas Fuller appeals his guilty-plea conviction and sentence imposed for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Fuller argues that the district court judge abused his discretion in denying Fuller's motion for recusal.  Because Fuller has not demonstrated that Judge W. Royal Furgeson, Jr., had a bias against him resulting from a personal, extrajudicial source, Fuller has not shown that Judge Furgeson abused his discretion in denying the motion for

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recusal.  See United States v. MMR Corp., 954 F.2d 1040, 1044 (5th Cir. 1992).

Fuller argues that the district court abused its discretion in denying his motion to withdraw his guilty plea.  The district court determined that Fuller was attempting to abuse the judicial system, suborn perjury, tamper with witnesses, and obstruct justice.  Because Fuller has not met his burden to establish a "fair and just reason" for withdrawal of his guilty plea, he has not shown that the district court abused its discretion in denying his motion to withdraw his guilty plea.  See United States v. Brewster, 137 F.3d 853, 858 (5th Cir. 1998); United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997).

Fuller argues that his counsel was ineffective.  "The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been before the district court since no opportunity existed to develop the record on the merits of the allegation."  Brewster, 137 F.3d at 859.  Although Fuller raised his ineffective-assistance allegations in a pro se motion filed in the district court, he was not entitled to hybrid representation.  See United States v. Ogbonna, 184 F.3d 447, 449 & n.1 (5th Cir. 1999)(no right to hybrid representation on appeal); see also 5TH CIR. R. 28.7; United States v. Daniels, 572 F.2d 535, 540 (5th Cir. 1978)(no right to hybrid representation in district court).  The district court did not

address these allegations and make findings on each allegation except to state that David Greenhaw is a good lawyer. Therefore, we decline to reach the merits of Fuller's ineffective assistance claims as the record is not well developed for review.

Fuller argues that the district court erred in applying the Sentencing Guidelines to his case. Pursuant to his plea agreement, Fuller waived the right to appeal any aspect of his conviction and sentence except on the ground of ineffective assistance of counsel or prosecutorial misconduct. At rearraignment, the district court advised Fuller that he was waiving the right to appeal, and Fuller stated that he understood. Fuller did not ask any questions or express any confusion concerning the waiver-of-appeal provision. Therefore, Fuller knowingly and voluntarily waived the right to appeal, and the waiver is enforceable. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

AFFIRMED.