IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60384
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD W. ROBERTS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:00-CR-14-ALL-LN
--------------------
August 14, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Harold W. Roberts, Jr., pleaded guilty to one count of possession of less than 50 kilograms of marijuana with intent to distribute, and the district court sentenced him to 120 months in prison and a five-year term of supervised release.  Roberts first argues that his plea was rendered involuntary by his attorney's failure to file a motion to suppress, and he contends that the

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion by denying his FED. R. CRIM. P. 32(e) motion to withdraw his plea.

Roberts has not shown a "fair and just reason" why he should be allowed to withdraw his plea. FED. R. CRIM. P. 32(e). Rather, he argues that counsel should have filed a motion to suppress, and he speculatively asserts that the charges against him would have been dismissed had counsel done so. Rule 32 was not meant "to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." United States v. Carr, 740 F.2d 339, 345 (5th Cir. 1984). Roberts has not carried his burden of showing that the district court abused its discretion in denying his motion to withdraw his plea. See United States v. Brewster, 137 F.3d 853, 857-58 (5th Cir. 1998).

Roberts also contends that counsel rendered ineffective assistance by not filing a motion to suppress. As a general rule, this court declines to review claims of ineffective assistance of counsel on direct appeal. United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). Roberts has not shown that his case presents an exception to this general rule. Accordingly, we decline to consider his claim of ineffective assistance of counsel. The judgment of the district court is AFFIRMED.