United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10310
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL GUAJARDO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-190-1-A
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Miguel Guajardo pleaded guilty to conspiracy, possession
with intent to distribute more than 5000 grams of cocaine, and
distribution of more than 500 grams of cocaine. There was no
plea agreement, but Guajardo stipulated to a factual resume
supporting the plea. Guajardo moved to withdraw his guilty plea,
asserting that he did not speak English and did not understand
the guilty plea proceeding. The district court held a hearing
and denied the motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Guajardo argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. In denying the motion, the district court considered the appropriate factors set out in United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The district court found, among other things, that the plea was knowing and voluntary and that Guajardo had perjured himself in testifying that the plea documents and proceedings were not translated fully. If the district court's factual findings rest upon credibility determinations after an evidentiary hearing, this court will not substitute its reading of the evidence for that of the district court. See United States v. Nixon, 881 F.2d 1305, 1310-12 (5th Cir. 1989). In light of the district court's credibility determination, Guajardo has not shown that the district court abused its discretion in denying his motion to withdraw his guilty plea because he made no showing of a fair and just reason justifying the withdrawal under Carr. See United States v. Brewster, 137 F.3d 853, 857-58 (5th Cir. 1998).

AFFIRMED.