United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03 – 50353
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDUARDO PAUL MEZA-BEDOYA, also known as El Primo,

Defendant - Appellant

_____

On Appeal from the United States District Court for the
Western District of Texas
(EP-02-CR-341-2-PRM)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal we review Defendant - Appellant, Eduardo Paul Meza-Bedoya's

(hereinafter, "Meza"), conviction and sentence for conspiracy to possess with the intent to

distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

For the following reasons, we affirm the district court's judgment.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

I.

INEFFECTIVE ASSISTANCE CLAIM

Meza argues that he received ineffective assistance of counsel because his original

attorney miscalculated the sentencing guidelines in advising Meza of the maximum sentence Meza

could receive.    Meza also argues that his attorney was unprepared at his sentencing hearing.

As a general rule, this court does not review claims of ineffective assistance of counsel on

direct appeal. *United States v. Gibson*, 55 F.3d 173, 179 (5ᵗʰ Cir. 1995).  The record in this case

is insufficiently developed to allow consideration of this issue.

II.

MOTION TO WITHDRAW GUILTY PLEA

Meza also argues that the district court erred in denying his motion to withdraw his guilty

plea.  The district court may grant a motion to withdraw a guilty plea before a defendant is

sentenced "if the defendant shows any fair and just reason." *United States v. Brewster*, 137 F.3d

853, 857 (5ᵗʰ Cir. 1998).

The seven factors that the district court may consider in deciding to grant a motion to

withdraw a guilty plea are whether: (1) the defendant has asserted his innocence; (2) withdrawal

would prejudice the Government; (3) the defendant delayed filing his motion; (4) withdrawal

would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the

plea was knowing and voluntary; and (7) withdrawal of the plea would waste judicial resources.

*United States v. Carr*, 740 F.2d 339, 343-44 (5ᵗʰ Cir. 1984).

We agree with the district court that the foregoing factors weigh against granting Meza's

motion.  Thus, the district court did not abuse its discretion in denying the motion.

III.

MOTION TO CONTINUE SENTENCING HEARING

Meza next argues that the district court erred by denying his motion to continue his sentencing hearing.  We review the district court's denial of this motion for abuse of discretion. *United States v. Barnett*, 197 F.3d 138, 144 (5ᵗʰ Cir. 1999).  Meza must show that the denial resulted in specific and compelling prejudice. *Id*.

As Meza has failed to show that he was prejudiced by the district court's decision, we conclude that the district court did not abuse its discretion by failing to grant Meza an additional continuance.

IV.

BASE OFFENSE LEVEL

Meza argues that, during the sentencing hearing, the Government agreed that his base offense level was 36, instead of level 38 as it was originally recommended.  He argues that the district court erred by basing its sentence calculation on the original base offense level of 38.

The record indicates that a lesser offense level was discussed at sentencing, but there is no evidence that the Government agreed to a reduction.  The district court also specifically found that the proper base offense level was 38.  Meza's argument, based upon a misreading of the record, is without merit.

V.

SENTENCE ENHANCEMENT

Finally, Meza argues that the district court erred by imposing a four-level enhancement for

his role as organizer or leader of the conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana. We review the district court's application of a U.S.S.G. § 3B1.1 adjustment for clear error. *United States v. Dadi*, 235 F.3d 945, 951 (5th Cir. 2000).

The record indicates that Meza recruited and directed members of a conspiracy that shipped thousands of kilograms of marijuana all over the United States. He bought vehicles and plane tickets, rented warehouses, and provided funds for another conspirator's legal defense. Based upon these facts, we conclude that the district court's application of the enhancement was not clearly erroneous.

## VI.

## CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.