UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 03-4188

TROY WILLIAMS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-02-110)

Submitted: November 21, 2003

Decided: December 15, 2003

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Tracy Weese, Shepherdstown, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Troy Williams was convicted after a bench trial of conspiracy to distribute cocaine base and distribution of cocaine base. Following trial, the Probation Office recommended finding that Williams was a career offender under *U.S. Sentencing Guidelines Manual* § 4B1.1(a) (2000), based on two prior felony drug convictions. Williams objected, asserting that his prior convictions were related and should not have been counted separately and that application of the "intervening arrest" rule would violate the Ex Post Facto Clause. The district court overruled his objections, found that Williams was a career offender, and sentenced him to 210-months imprisonment. Williams now appeals the career offender determination.

A defendant is a career offender if (1) he was at least eighteen at the time of the instant offense; (2) the instant offense of conviction is a violent or drug felony; and (3) the defendant has at least two prior violent or drug felony convictions. USSG § 4B1.1(a). Williams does not dispute the first two requirements; however, with regard to the third requirement, Williams contends that his prior convictions were related and should not be counted separately.

Prior sentences imposed in related cases are to be treated as one sentence for purposes of USSG § 4B1.1. USSG §§ 4A1.2, comment. (n.3); 4B1.2, comment. (n.3). Nevertheless, prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. USSG § 4A1.2, comment. (n.3). It is undisputed that Williams' prior convictions were separated by an intervening arrest.

However, Williams contends that application of the commentary to USSG § 4A1.2 to offenses committed before its November 1991 effective date would violate the Ex Post Facto Clause. Williams' prior convictions used to determine his career offender status were for offenses committed in 1989, prior to adoption of the commentary. Nonetheless, we find no ex post facto problem.

The provisions of § 4A1.2 and its commentary were enacted before Williams committed the instant offense of conviction, which is the relevant offense for an ex post facto analysis. *See United States v. Allen*, 886 F.2d 143, 146 (8th Cir. 1989) (so long as actual crime for which defendant is being sentenced occurred after the effective date of new statute, there is no ex post facto violation); *see also Gryger v. Burke*, 334 U.S. 728, 732 (1948) ("Nor do we think that the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act [which enhanced the punishment for being a fourth time offender] was passed, makes the Act invalidly retroactive . . ."). Moreover, USSG § 1B1.11 instructs courts to apply the Guidelines in effect on the date of sentencing. However, if the guidelines violate the Ex Post Facto Clause, the court shall use the guidelines in effect "on the date that the offense of conviction was committed." USSG § 1B1.11(b)(1). Williams' offense of conviction was committed in 2000-2001, and Williams was sentenced in 2003. Under § 1B1.11, the 1991 commentary of § 4A1.2 applies regardless of an ex post facto determination by the district court. *See United States v. Brewster*, 137 F.3d 853, 858-59 (5th Cir. 1998).

It is undisputed that Williams' two offenses were separated by an intervening arrest. Thus, they are not related, and as there is no ex post facto problem, they were properly counted separately in determining that Williams was a career offender. Accordingly, we affirm Williams' sentence. We deny Williams' motions to substitute attorneys and for a continuance. We dispense with oral argument, because the facts and legal contentions area adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*