United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60247
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALLEN MORRIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:02-CR-74-1
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

James Allen Morris appeals his guilty-plea convictions of

possession with intent to distribute in excess of five grams of a

mixture and substance containing cocaine base and being a felon

in possession of a firearm.  Morris argues that the district

court abused its discretion in denying without an evidentiary

hearing his motion to withdraw his guilty pleas.

Morris's argument touches only on two of the seven pertinent

factors, i.e., whether he had close assistance of counsel and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

whether his plea was knowing and voluntary. See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). There is no support in the record for his assertion that he did not have close assistance of counsel. Morris stated at the guilty plea hearing that he was satisfied with his counsel's representation and that his counsel had discussed his entire case with him. Moreover, Morris made no assertion that it was his belief that he would be able to appeal the denial of his suppression motion until he moved to withdraw his pleas. It was Morris's burden to establish a "fair and just" reason for withdrawing his guilty pleas, and he has failed to do so. See United States v. Brewster, 137 F.3d 853, 858 (5th Cir. 1998).

Morris also argues that the district court erred in denying his suppression motion. By entering an unconditional plea, Morris waived his challenge to the district court's denial of his suppression motion. See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991). Therefore, we may not review his appeal of the denial of the suppression motion. See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995). The district court's judgment is AFFIRMED.