United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40690
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANTONIO REYES, SR.,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-735-1
--------------------

Before JOLLY, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Antonio Reyes, Sr., appeals his guilty-plea conviction and

sentence for possession with intent to distribute a quantity

exceeding 50 kilograms of marihuana. Reyes argues that the

record is insufficient to establish that he was competent to

plead guilty in light of his having suffered severe depression

and attempted suicide in 1998. He asserts that when the district

court received notice of these facts, which were contained in the

PSR, the court should have *sua sponte* invalidated his guilty plea

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

and ordered a competency hearing.  He also notes that he experienced pain from a prior surgical procedure involving his neck and back and that he took pain medication to relieve his symptoms.  Additionally, Reyes contends that his attorney provided ineffective assistance of counsel by failing to inquire prior to rearraignment whether Reyes had any history of mental illness.

At rearraignment, Reyes responded negatively to the district court's question regarding whether he had any mental health problems.  The district court raised the issue *sua sponte* at sentencing, noting that the PSR stated that Reyes had attempted suicide.  Reyes stated that he had been released from medical treatment.  Although Reyes had pain medication to help him treat symptoms from neck and back surgery, he stated that he was not taking this medication at the time of sentencing, and he did not challenge the voluntariness of his guilty plea.  Reyes' counsel stated that, based on his conversations with Reyes, he had no reason to doubt Reyes' competency.  There is no evidence in the record that Reyes had a history of irrational behavior, nor is there evidence of prior medical opinions regarding competency.  Under these circumstances, the district court's determination to proceed with sentencing was not clearly arbitrary or unwarranted.  See United States v. Davis, 61 F.3d 291, 304 (5th Cir. 1995); United States v. Birdsell, 775 F.2d 645, 648 (5th Cir. 1985).  The evidence does not show that Reyes was unable to understand

the nature and consequences of the proceedings against him or to properly assist in his own defense.  See Godinez v. Moran, 509 U.S. 389, 396 (1993).

Because the record regarding ineffective assistance is not adequately developed, we dismiss this issue without prejudice to Reyes' ability to raise it in a 28 U.S.C. § 2255 proceeding.  See United States v. Brewster, 137 F.3d 853, 859 (5th Cir. 1998).

AFFIRMED.