United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-41371
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MARTIN PADILLA,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
(L-03-CR-216-1)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Martin Padilla appeals his conviction after a jury trial for possession with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Primarily, Padilla claims the evidence was not sufficient to prove he knowingly possessed the cocaine with the intent to distribute.

Because Padilla failed to renew his motion for a judgment of acquittal at the close of the evidence, his sufficiency challenge is reviewed only for a manifest miscarriage of justice. *E.g.,*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004). "[T]he record must be devoid of evidence of guilt or the evidence must be so tenuous that a conviction is shocking." *Id.*

Padilla was found with 6.35 kilograms of cocaine hidden in a compartment within the radiator of a vehicle he owned. The compartment obstructed approximately half of the radiator's capacity. The value of the drugs ranged from a low of approximately $70,000 in Laredo, Texas, to a high of $171,000 in Chicago, Illinois, Padilla's destination. Padilla never questioned the delay in the search while border patrol agents dismantled his radiator. Although Padilla testified that he had stayed in Monterrey, Mexico, the night before his arrest because of automobile trouble and that a mechanic in Monterrey rebuilt his alternator, there was no evidence of a receipt for the repair work and there was no receipt found for a motel in Monterrey, even though other motel receipts were found in the vehicle.

There was testimony that the blockage in the radiator precluded the vehicle from traveling more than 40 to 45 miles per hour and that the vehicle would not be expected to make it from Monterrey to Laredo at higher speeds; however, Padilla testified that he drove 55 to 60 miles per hour and that the vehicle did not overheat. The jury could have inferred that Padilla's story was implausible and found incredible any alternative explanation for how the drugs came to be in Padilla's radiator without his

knowledge.  The evidence of Padilla's knowledge and intent is not so tenuous that his conviction is shocking, and affirmance of the conviction would not result in a manifest miscarriage of justice. *See* ***Avants***, 367 F.3d at 449; ***United States v. Villarreal***, 324 F.3d 319, 324 (5th Cir. 2003); ***United States v. Cano-Guel***, 167 F.3d 900, 905 (5th Cir. 1999); ***United States v. Resio-Trejo***, 45 F.3d 907, 913 (5th Cir. 1995).

Padilla conclusionally asserts that a government witness failed to meet the requirements of ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579 (1993), to testify as an expert.  This issue is deemed abandoned due to inadequate briefing. *See* ***Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

Padilla argues that his trial counsel rendered ineffective assistance by stipulating to the type and quantity of the substance seized.  We decline to review this issue on direct appeal.  *See* ***United States v. Brewster***, 137 F.3d 853, 859 (5th Cir. 1998).

***AFFIRMED***
