# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIK IVAN BETANCOURT OLGUIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-30-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Erik Ivan Betancourt Olguin appeals his guilty plea conviction for conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine. The district court sentenced him to 330 months of imprisonment and five years of supervised release. He contends that the district court abused its discretion by denying his motion to withdraw his guilty plea and that defense counsel provided ineffective assistance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60140

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). "[A] district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Of the factors that we have held that a district court should consider in ruling on a motion to withdraw a guilty plea, *see United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984), Olguin challenges only the district court's finding that his guilty plea was knowing and voluntary. We find that the district court did not clearly err in crediting Olguin's sworn statements at rearraignment, which were made under oath and "carry a strong presumption of verity," *McKnight*, 570 F.3d at 649 (internal quotation marks and citation omitted), over his contradictory, inconsistent, and unsworn allegations set forth in his motion to withdraw his plea, *see United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998). Consequently, the district court did not clearly err in finding that Olguin's guilty plea was knowing and voluntary, *see McKnight*, 570 F.3d at 647-48 & n.2, and did not abuse its discretion in denying Olguin's motion, *see id.* at 645.

The record is not sufficiently developed to allow us to make a fair evaluation of Olguin's claim of ineffective assistance of counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *McKnight*, 570 F.3d at 648.

AFFIRMED.