# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2022

Lyle W. Cayce
Clerk

No. 22-40176
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Rolando Cadena,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-455-3

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Rolando Cadena pleaded guilty to one count of conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. Fifteen months later, Cadena moved to withdraw his plea. The district court denied

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the motion and sentenced Cadena to 235 months of imprisonment and five years of supervised release.

In his sole issue for appeal, Cadena argues that the district court abused its discretion by denying his motion to withdraw. We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

Federal Rule of Criminal Procedure 11(d) provides that a district court may permit a criminal defendant to withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." There is no absolute right to withdrawal, *United States v. Brewster*, 137 F.3d 853, 857 (5th Cir. 1998), and the burden to show "a fair and just reason" rests with the defendant, *Powell*, 354 F.3d at 370. This inquiry requires consideration of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).

The district court found that each of the *Carr* factors weighs against allowing Cadena to withdraw his guilty plea. On appeal, Cadena fails to show that this ruling was based on "an error of law or a clearly erroneous assessment of the evidence." *United States v. McKnight*, 570 F.3d 641, 648-49 (5th Cir. 2009). For this reason, Cadena fails to show that the district court abused its discretion by denying his motion to withdraw his guilty plea. In addition, the district court did not err in declining to hold an evidentiary hearing on the motion to withdraw because Cadena failed to allege "sufficient facts which, if proven, would justify relief." *Powell*, 354 F.3d at 370.

AFFIRMED.