United States Court of Appeals
Fifth Circuit

**F I L E D**

November 10, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-10575
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BECKIE BALLARD, also known as Becky Ballard,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:03-CR-292-ALL)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The opinion filed in this case on 12 January 2005 was withdrawn in the light of the Supreme Court's decision that same day in *United States v. Booker*, 125 S. Ct. 738 (2005), discussed *infra*. Subsequently, Beckie Ballard was permitted to proceed *pro se*. Ballard appeals her sentence, imposed following her guilty plea to effecting fraudulent transactions with access devices issued to another, in violation of 18 U.S.C. § 1029(a)(5). Ballard challenges the computation of her criminal history points, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement to her base offense level for obstructing justice, the denial of an adjustment for acceptance of responsibility, and the district court's upward departure from the Guidelines' range of imprisonment.

Ballard objected in district court to the Presentence Report's (PSR) assignment of criminal history points for a 1991 conviction for acquiring a controlled substance by fraud, and its proposed enhancement of her base offense level for obstructing justice and denial of an adjustment for acceptance of responsibility.  She also objected to the upward departure.

At sentencing, however, Ballard withdrew her objections except to the obstruction of justice enhancement.  Therefore, she has waived review of the criminal history points assigned for her 1991 conviction, the denial of acceptance of responsibility, and the upward departure.  *United States v. Olano*, 507 U.S. 725, 733 (1993); *see United States v. Musquiz*, 45 F.3d 927, 931 (5th Cir. 1995).

With regard to the obstruction of justice enhancement, we review the district court's factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 n.9 (5th Cir.), *cert. denied*, 2005 WL 1841329 (U.S. 3 Oct. 2005) (No. 05-5580).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Holmes*, 406 F.3d 337, 363 (5th Cir.), *cert. denied*, 2005 WL 2414188 (U.S. 3

2

Oct. 2005) (No. 05-38) (quoting *United States v. Powers*, 168 F.3d 741, 752 (5th Cir.), *cert. denied*, 528 U.S. 945 (1999)).  A two-level enhancement is warranted if a "defendant willfully obstructed or impeded ... the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction".  U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 (2003).  This Guideline applies where, *inter alia*, a defendant has provided "materially false information to a probation officer in respect to a presentence or other investigation for the court".  *Id.* § 3C1.1 cmt. n.4(h).

The PSR recommended a two-level increase because Ballard provided materially false information to the probation officer on three separate occasions:  she failed to report a former employer from whom she had forged checks that caused losses of $50,000; she reported that she had left another employer to be closer to her husband, but she left when confronted about writing herself extra payroll checks totaling $500; and she denied a prior conviction for acquiring a controlled substance by fraud.  Ballard maintains that both of the employment-related failures were misunderstandings, immaterial to the proceedings; and she denies the omitted prior conviction.

Ballard's assertion that she did not intend to deceive the probation officer is implausible.  *See* *Holmes*, 406 F.3d at 363. This omitted information was damaging to Ballard because it

3

involved prior incidents of theft by fraud against other employers. *Id*. Further, the omitted information was "material" under the Guidelines because it provided additional justification for the district court's decision to grant an upward departure. *See* U.S. SENTENCING GUIDELINES MANUAL § 3C1.1. Therefore, the district court did not commit clear error when it imposed a two-level enhancement for obstruction of justice.

Ballard's claim that the district court plainly erred by assigning three criminal history points for a 1 September 1987 conviction for theft of livestock does not amount to the requisite "clear" or "obvious" error. *See Olano*, 507 U.S. at 732-35 (requiring that this error "affect substantial rights" and leaving the "decision to correct the forfeited error within the sound discretion of the court of appeals"); *United States v. Robinson*, 187 F.3d 516, 519 (5th Cir. 1999); U.S. SENTENCING GUIDELINES MANUAL § 4A1.2 cmt. n.3. Ballard also fails to show the district court plainly erred by assigning a criminal history point for her October 2002 conviction for theft over $20 because she fails to show it affected her substantial rights. *See Olano*, 507 U.S. at 734.

The district court's comments at sentencing, expressing concern with Ballard's continuing disregard for the law and her likelihood of committing future crimes, foreclose Ballard's contention that her sentence constitutes clear or obvious error under *Booker*, which affects her substantial rights. *See United*

4

*States v. Mares*, 402 F.3d 511, 520-21 (5th Cir.), *cert. denied*, 2005 WL 816208 (U.S. 3 Oct. 2005) (No. 04-9517). Because there is no **Booker** error, we need not review Ballard's assertion that, if her sentence were to be vacated and remanded under **Booker**, the *Ex Post Facto* clause would be violated; in any event, this contention is foreclosed. *See* **United States v. Scroggins**, 411 F.3d 572, 577 (5th Cir. 2005) (rejecting the *Ex Post Facto* challenge of a defendant who was resentenced post-**Booker**).

Because Ballard's ineffective assistance of counsel (IAC) claims rely on unsupported allegations, the record is not sufficiently developed to permit direct review of these claims. *See* **United States v. Brewster**, 137 F.3d 853, 859 (5th Cir. 1998). Our not addressing these IAC claims is without prejudice to her raising them in a 28 U.S.C. § 2255 motion. *See* **Massaro v. United States**, 538 U.S. 500, 508 (2003).

*AFFIRMED*