United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20955
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISIDORO RAFAEL DE OCHOA,
Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-16-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Isidoro Rafael De Ochoa has moved for leave to withdraw from this direct appeal and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967). De Ochoa has received a copy of counsel's motion and has filed a pro se motion seeking to enforce the plea agreement, which we construe as a response to the Anders motion. De Ochoa contends, inter alia, that his trial counsel committed certain errors that affected his guilty plea and waiver of appeal, which we construe as asserting claims of ineffective assistance of counsel. We conclude

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the record is insufficiently developed to allow consideration on direct appeal of these claims of ineffective assistance of counsel. See United States v. Brewster, 137 F.3d 853, 859 (5th Cir. 1998). To the extent that De Ochoa raises other arguments regarding the voluntariness of his guilty plea and waiver, his arguments are without merit.

Our independent review of counsel's brief, De Ochoa's response, and the record discloses no nonfrivolous issues for appeal. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. See 5TH CIR. R. 42.2. To the extent that De Ochoa's motion seeks to enforce the plea agreement, it is DENIED. This ruling is without prejudice to De Ochoa's right to raise his ineffective assistance of counsel claims in a 28 U.S.C. § 2255 proceeding to the extent that such claims are not precluded by his waiver.